UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALICIA SHAFFER,<br><br>                                 Plaintiff,<br><br>     v.<br><br>FORTIVA FINANCIAL, LLC,<br><br>                                 Defendant. | CASE NO. C19-1102-JCC-MAT<br><br>ORDER RE: MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT |

Defendant Fortiva Financial LLC ("Fortiva") filed a Motion for Leave to File Third-Party Complaint. (Dkt. 18.) Plaintiff did not respond to the motion.

Under Federal Rule of Civil Procedure 14, "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a). If the third-party complaint is not filed within fourteen days after service of the answer, then, as in the instant case, defendant must ask the court for leave to implead. Fed. R. Civ. P. 14(a)(1). The defending party must show the third-party's liability "is in some way dependent on the outcome of the main claim and is secondary or derivative thereto." *Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 199 (9th Cir. 1988) (cited source omitted). Rule 14 serves the purpose of avoiding duplicative litigation and encouraging

ORDER
PAGE - 1

judicial efficiency. *Southwest Admin., Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986).

The decision of whether to implead a third party lies within the discretion of the court. *Stewart*, 845 F.2d at 199. In addition to determining whether granting impleader would effectuate the Rule's purpose, courts may consider factors such as: "(1) prejudice to the original plaintiff; (2) complication of issues at trial; (3) likelihood of trial delay; and (4) timeliness of the motion to implead." *Irwin v. Mascott*, 94 F. Supp. 2d 1052, 1056 (N.D. Cal. 2000) (citation omitted).

As described by Fortiva, this case, in which plaintiff alleges a violation of the Fair Credit Reporting Act, arises out of a credit line fraudulently obtained by plaintiff's sister, Jennifer Smith. Fortiva now seeks to file a third-party complaint against Smith. It avers Smith's fraudulent conduct forced Fortiva to incur the time and expense of investigating plaintiff's dispute and defending this lawsuit, as well as the loss incurred in charging off the account balance remaining from Smith's fraudulent activity.

Plaintiff did not oppose defendant's motion, which defendant timely submitted in accordance with the deadlines set forth in the Court's scheduling order. Having now considered defendant's timely and unopposed request, the Court finds no basis for denying the motion. Accordingly, defendant's Motion for Leave to File Third-Party Complaint (Dkt. 18) is GRANTED. The Clerk is directed to send a copy of this Order to the parties and to the Honorable John C. Coughenour.

DATED this 15th day of November, 2019.

Mary Alice Theiler
United States Magistrate Judge

ORDER
PAGE - 2